IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN SHARP, | No. C 08-4503 MMC (PR) |
| Petitioner, | |
| v. | **ORDER OF DISMISSAL** |
| D.K. SISTO, Warden, | |
| Respondent. | |

On September 25, 2008, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. For the reasons set forth below, the Court finds the petition is subject to dismissal because petitioner has not sought or obtained authorization to file a second or successive petition under 28 U.S.C. § 2244(b)(3).

**BACKGROUND**

In 1992, in the Superior Court of Sonoma County, petitioner was convicted of numerous felonies. He was sentenced to a term of 129 years in state prison. In 1994, the California Court of Appeal affirmed the convictions but remanded for resentencing. In 1995, on remand, the trial court resentenced petitioner to 111 years in state prison. Subsequently, petitioner filed state habeas corpus petitions challenging his convictions and sentence, all of which petitions were denied.

Thereafter, in 2001, petitioner filed in this district a habeas corpus petition challenging

his convictions and sentence.  See Sharp v. Cary, C 01-3625 MMC (PR).  On February 1, 2002, the Court granted respondent's motion to dismiss the petition as untimely and entered judgment accordingly.  See id. Docket Nos. 10 & 11.  Subsequently, the Court denied petitioner's motions for reconsideration and for a certificate of appealability.  See id. Docket Nos. 16 & 18.  The Ninth Circuit also denied petitioner's request for a certificate of appealability.  See id. Docket No. 22.

By the instant petition, petitioner claims the trial court violated his Sixth Amendment right to a jury trial by sentencing him in 1995 to an aggravated term on twenty-seven of the charges of which he was found guilty.  Petitioner bases his claim on Cunningham v. California, 549 U.S. 270 (2007), in which the Supreme Court held that California's determinate sentencing law violates the Sixth Amendment because it authorizes the judge, not the jury, to find the facts permitting an upper-term sentence.  Additionally, petitioner claims the restitution fine imposed by the trial court was excessive, in violation of the Eighth and Fourteenth Amendments.

**DISCUSSION**

Where a claim presented in a second or successive habeas corpus petition under 28 U.S.C. § 2254 has been presented in a prior petition, such claim must be dismissed. 28 U.S.C. § 2244(b)(1).  Where a claim presented in a second or successive habeas corpus petition under § 2254 has not been presented in a prior petition, such claim likewise must be dismissed, unless: (1) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense.  Id. § 2244(b)(2).  Before a second or successive habeas petition may be filed in the district court, the petitioner must first obtain from the Court of Appeals an order authorizing the district court to consider the petition.  Id. § 2244(b)(3)(A).

The instant petition presents claims challenging the 1995 sentence that was the subject

of petitioner's prior federal habeas corpus petition. Consequently, petitioner may not proceed with such claims until he has sought or obtained an order from the Ninth Circuit Court of Appeals, authorizing him to file a second or successive petition in the district court. Accordingly, the instant petition will be dismissed without prejudice to petitioner's refiling the petition if he obtains the necessary order.

## CONCLUSION

For the reasons stated above, the petition is hereby DISMISSED, pursuant to 28 U.S.C. § 2244(b) and without prejudice, as a second or second successive petition.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: October 21, 2008

_____
MAXINE M. CHESNEY
United States District Judge

3